**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DWIGHT ELMER BROWN,**

    **Petitioner,**                        **CASE NO. 2:10-CV-0105
                                                    JUDGE GRAHAM**
**v.**                                         **MAGISTRATE JUDGE KING**

**WARDEN, Mansfield Correctional
Institution,**

    **Respondent.**

**OPINION AND ORDER**

On January 3, 2011, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Doc. 19. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. 20. For the reasons that follow, Petitioner's objections are **OVERRULED.**

Petitioner objects to the Magistrate Judge's recommendation that his claims be dismissed on the merits. In claim one, Petitioner asserts that he was denied the constitutional right to be present and to consult with his attorney at the hearing on his motion to withdraw his guilty plea. In his objections, Petitioner again argues that, under Ohio law and the United States Constitution, he was entitled to be present at the hearing on his motion to withdraw his guilty plea. Petitioner argues that the hearing on his motion to withdraw his guilty plea constituted a critical stage of the proceedings, as defined by the United States Supreme Court. He distinguishes his case from *Gilbert v. Hudson*, No. 1:08-CV-1867, 2009 WL 3246978 (N.D. Ohio Oct. 5, 2009), to which the Magistrate Judge referred, and argues that in any event *Gilbert* was wrongly decided.

In claim two, Petitioner asserts that the state trial court abused its discretion when it denied

his motion to withdraw his guilty plea because he established the denial of the effective assistance of trial and appellate counsel. Petitioner specifically contends that his appellate counsel filed a motion to dismiss Petitioner's appeal without his knowledge or understanding that he had a cognizable claim of ineffective assistance of trial counsel. In his objections, Petitioner asserts that the presumed prejudice standard set forth in *United States v. Cronic*, 466 U.S. 648 (1984), rather than the standard governing claims of ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668, 698 (1984), should apply in reviewing his claims of ineffective assistance of trial and appellate counsel.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. After careful review of the entire record, and for the reasons set forth in the Magistrate Judge's *Report and Recommendation*, this Court is not persuaded that Petitioner has raised a claim warranting federal habeas corpus relief. Petitioner's objections are **OVERRULED**.

Petitioner also seeks a certificate of appealability. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 489 (2000). To make a substantial showing of the denial of a constitutional right, a petitioner must show

> that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" *Barefoot*, 463 U.S., at 893, and n.4 . . . .

*Id.* The Court is persuaded that reasonable jurists could debate whether Petitioner's claims should be resolved differently. His request for a certificate of appealability is therefore **GRANTED.**

Petitioner's objections, Doc. 20, are **OVERRULED.**  The *Report and Recommendation,* Doc. No. 19, is **ADOPTED** and **AFFIRMED.**

This action is hereby **DISMISSED**.  The Clerk shall enter **FINAL JUDGMENT** for respondent.

Petitioner's request for a certificate of appealability is **GRANTED.**  The Court certifies the following issues for appeal:

>1. Was Petitioner denied his constitutional right to be present and consult with counsel at the hearing on his motion to withdraw guilty plea?
>
>2. Was Petitioner denied the effective assistance of trial and appellate counsel?

Date: February 16, 2011                        s/James L. Graham
                                                                James L. Graham
                                                                United States District Judge